IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTONIO FLOYD,

                    Petitioner,

          v.                              CASE NO.  14-3012-SAC

SAM CLINE,

                    Respondent.

## MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by Mr. Floyd, who seeks to challenge his Kansas criminal convictions.  The court screened the filings, and on February 7, 2014, entered an order with tentative findings that the petition was filed after the applicable statute of limitations had expired.  Petitioner was required to show cause why this action should not be dismissed as time barred.  Mr. Floyd has filed his response (Doc. 3). Having considered all materials in the file, the court concludes that this action is time barred and must be dismissed.[1]

## ADDITIONAL TOLLING

---

[1] The court is mindful that this is petitioner's first federal habeas petition, and "[d]ismissal of a first federal habeas petition is a particularly serious matter." *Case v. Hatch*, 731 F.3d 1015, 1036 (10th Cir. 2013)(alteration in original)(quoting *House v. Bell*, 547 U.S. 518, 539 (2006))(internal quotation marks omitted).

Petitioner candidly acknowledges that the procedural history and relevant dates set forth in the court's prior screening order are correct.[2]  However, he contends that he is entitled to a much later start date for the federal statute of limitations than that determined by the court.  In its prior order, the court held that the statute of limitations began running in this case on May 14, 2006, which was the date Mr. Floyd's conviction became "final" as that term is used in 28 U.S.C. § 2244(d)(1)(A).[3]  Petitioner asks the court to hold instead that his start date was "the final date he exhausted his state post-conviction remedies, being May 26, 2013."  As support for this argument, he alleges that he "toiled" to prepare his state post-conviction motion during "the one year allotted under

---

[2]    Mr. Floyd was convicted in Douglas County District Court of Attempted First Degree Murder, Attempted Sexual Battery, and Aggravated Burglary and was sentenced in 2003 to 620 months in prison.  He directly appealed, and the Kansas Court of Appeals (KCA) affirmed these convictions.  *State v. Floyd*, 120 P.3d 808 (Kan.App. 2005).  The Kansas Supreme Court (KSC) denied review on Feb. 14, 2006.  On February 15, 2007, petitioner filed a state post-conviction motion pursuant to K.S.A. 60-1507, which was denied.  He appealed to the KCA, which affirmed.  The KSC denied review on February 25, 2013.

[3]    After the KSC denied his petition for review, Mr. Floyd had ninety days to file a petition for writ of certiorari in the United States Supreme Court. He did not seek that review.  Thus, for purposes of § 2244(d)(1)(A), his conviction became "final" on May 14, 2006, which was ninety days after the date the KSC entered its order.  The statute of limitations began to run on that date, and ran uninterrupted for 276 days.  The court now corrects its own finding and holds that it began to run on the next day so that it ran uninterrupted for 275 days instead.  It was then statutorily tolled during petitioner's 60-1507 proceedings, which were pending from February 15, 2007, through February 25, 2013.  The statute of limitations began running again on February 26, 2013, with approximately 90 days remaining.  It then ran uninterrupted until it expired on May 27, 2013.  Petitioner executed his federal petition on January 14, 2014, which was several months after the one-year limitations period expired.

state law" and contends that the federal limitations period should therefore "be tolled during the entire time he ha(d) to file his state post-conviction remedies." He adds that he had "no control over how long court clerks" and attorneys took to "actually get an appeal docketed" and that preparation for appeal "can easily run the full one year" leaving no time "to file any federal appeal if the full time spent in state courts are not tolled."

Petitioner is not entitled to the different start date he seeks. As noted in the court's prior order, statutory tolling is only available under 28 U.S.C. § 2244(d)(2) for the time a properly filed state post-conviction action is actually "pending".[4] This means that statutory tolling begins on the date a post-conviction motion is filed and ends on the date that state proceedings on the motion are concluded.[5] The statute makes no provision for additional tolling for the time during which a state prisoner was "toiling" on his state court remedies

---

[4]    Section 2244(d)(2) provides:

       The time during which a properly filed application for State
       post-conviction or other collateral review with respect to the
       pertinent judgment or claim is pending shall not be counted
       toward any period of limitation under this subsection.

[5]    An application is "pending" until it has achieved final resolution
through the state's post-conviction procedures.  See *Carey v. Safford*, 536
U.S. 214, 219-20 (2002); *Lawrence v. Florida*, 549 U.S. 327, 332
(2007)(holding that limitations period begins to run immediately upon the
conclusion of state post-conviction review and is not tolled during the 90-
day period in which a writ of certiorari may be sought from the Supreme
Court).

but had no state post-conviction motion pending, and the court is aware of no other controlling legal authority that allows for this additional tolling.  Thus, petitioner's assertion that the federal one-year statute of limitations should be tolled during all the time that the state's one-year limitations period for 60-1507 motions was running is found to have no legal basis, and the six months he allegedly spent preparing his state court application prior to its filing is not tolled.  In accord: *Shinton v. Wilkinson*, 2014 WL 289027 (W.D. Okla. Jan. 27, 2014), *COA denied*, 2014 WL 3892975 (10th Cir., Aug. 7, 2014)("Petitioner's mistaken belief that he had one year from the completion of state court proceedings to file a federal habeas corpus petition, and that the six months spent preparing his state court application did not count, is simply wrong."). In the court's prior order, petitioner was accorded the appropriate amount of statutory tolling, which was from the time his state post-conviction motion was filed on February 15, 2007, to the time the post-conviction proceedings were concluded on February 25, 2013.

Under certain circumstances, a start date applies that is later than the date the conviction "became final."[6]  For example,

---

[6]     The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

under subsections (C) and (D) of 28 U.S.C. § 2244(d)(1), a petitioner is entitled to a later start date when there has been an intervening, retroactive change in Supreme Court law, or the discovery of a new factual predicate for a claim.  However, it does not appear that petitioner could claim a later trigger date under either of these provisions.  On the other hand, subsection (B) of § 2244(d)(1) allows the limitation period to begin as of "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  *Id.*  Petitioner's allegations that the state court clerk failed to supply a transcript of his 60-1507 hearing and that prison officials confiscated his legal materials might liberally be construed as asserting state-created impediments.  Even if so construed, these allegations lack the requisite specificity.

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's allegations and exhibits indicate that his legal materials were confiscated by prison officials around March 23, 2012, along with other non-legal property and have been withheld since that time pending investigation. These allegations are not sufficient to show an actual impediment. Section 2244(d)(1)(B) makes clear that the alleged impediment must prevent a prisoner from filing his 2254 petition. *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002), *cert. denied*, 537 U.S. 1121 (2003). Mr. Floyd does not identify any of the confiscated property and only refers to it in very general terms. Since he does not describe the property it is not readily apparent that his lack of access to any confiscated item actually prevented him from filing a timely 2254 petition.

Petitioner's allegation that the county clerk's failure to provide a transcript of his 60-1507 hearing[7] impeded his submission of a timely 2254 petition is similarly inadequate. See *Freeman v. Zavaras*, 467 Fed.Appx. 770, 774 (10th Cir.), *cert. denied*, 133 S.Ct. 581 (2012)(petitioner's allegations that his appellate attorneys refused to provide him with documents from his case file despite several requests and that the state district court denied his requests to borrow his trial transcripts not shown to amount to unconstitutional state action

---

[7]     Petitioner does not even show that such a transcript existed, and his exhibits indicate otherwise.

or to have impeded him from filing a timely habeas petition and therefore failed to establish that § 2244(d)(1)(B) applied). There is no requirement that the transcript of a 60-1507 hearing be supplied by a petitioner in order to file a 2254 petition. Thus, the court is presented with no factual basis for finding that either the confiscation of unspecified legal materials or the county clerk's inaction actually impeded petitioner's timely filing his 2254 petition. See *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998)(rejecting § 2244(d)(1)(B) claim of impediment to legal materials because of lack of specificity as to alleged lack of access; *Gauthier v. Higgins*, 175 Fed.Appx. 174, 175 (10th Cir.), *cert. denied*, 549 U.S. 1003 (2006)(finding petitioner's alleged inability to pay for the transcripts did not constitute an "impediment to filing" a 2254 petition within the meaning of § 2244(d)(1)(B)); *Lloyd*, 296 F.3d at 634 ("equitable tolling does not excuse [the petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 application."); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002)("the state court's delay in furnishing the petitioner with the transcript did not establish a basis for equitable tolling."); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001)("lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and

therefore does not warrant equitable tolling.").

Furthermore, petitioner does not provide a date on which these alleged impediments were removed and implies they were never removed.  Thus it appears that the very detailed and satisfactory 2254 petition he eventually managed to file was prepared in spite of these circumstances.  The court concludes that Mr. Floyd is not entitled to a different start date based on a liberal construction of his allegations as asserting a state-created impediment under § 2244(d)(1)(B).

## EQUITABLE TOLLING

Petitioner contends that if the court rejects his argument for additional tolling while he prepared his state petition, it should find that he is entitled to equitable tolling.  In support of this argument, he claims that he diligently sought to file his "federal appeal"[8] in a timely manner but "was prevented from doing so due to extraordinary circumstances beyond his control."  He sets forth the following circumstances, which he claims are extraordinary, were beyond his control, and prevented the timely filing of his 2254 petition: (1) there was a "six

---

[8]     This federal habeas court does not sit as a super appeals court for Kansas criminal convictions, which are finally appealable from the KSC to the U.S. Supreme Court.  Petitioner makes a common error by referring to his 2254 petition as his "federal appeal."  To avoid some confusion, the court sometimes substitutes "2254 petition" for petitioner's references to his "federal appeal."

month overlap" during which appellate attorneys reviewed the record for appellate issues, sought records, and prepared briefs; (2) the state appellate court's opinion affirming the denial of his post-conviction motion was unpublished so that he "had no way of knowing" his federal habeas grounds and had to seek and obtain the unpublished opinion; (3) he needed time after the state court's final decision "to obtain records necessary to file his federal habeas petition;" (4) he made two unsuccessful attempts to obtain from the county clerk a transcript of the evidentiary hearing on his 60-1507 motion and had to file his 2254 petition "with vague arguments;"[9] (5) on or around March 13, 2012, "all of his legal materials were confiscated" due to "intentional misconduct."

The Supreme Court has affirmed that § 2244(d)'s limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "But, in doing so, the Court also affirmed that a habeas petitioner seeking equitable tolling must clear a high hurdle." *Hallcy v. Milyard*, 387 Fed.Appx. 858, 860 (10th Cir. 2010). As Mr. Floyd was

---

[9]   Petitioner alleges that in March 2013, he wrote to the "District Court Clerk" requesting "a copy of the District Court's opinion or the transcript of the hearing held in the district court" so that "he could appeal the State Appellate court's opinion to the Federal District Court." Petitioner's Exh. A (Doc. 3-1 at 1). He alleges that the Clerk failed to answer his first inquiry, so he wrote a second letter over nine months later. See Petitioner's Exh. B (Doc. 3-1 at 2). The clerk stamped his second letter as filed on January 8, 2014; responded on the letter that "No transcripts have been added to the case since 2011;" and referred him to the court reporter.

previously informed, a litigant seeking equitable tolling bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); see *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006), *cert. denied*, 551 U.S. 1149 (2007).   In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 800 (10th Cir. 2000); *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)("'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs'")(quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)).[10]   In order to demonstrate that he pursued his claims diligently, the petitioner must "allege with specificity 'the

---

[10]    The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstance—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson,* 232 F.3d at 808 (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003).

steps he took to diligently pursue his federal claims.'"   *Yang*, 525 F.3d at 930 (quoting *Miller*, 141 F.3d at 978).

The first three circumstances described by petitioner are not at all extraordinary and are found not to entitle him to equitable tolling for this reason.   Preparation of state criminal or collateral appeals normally takes time, and state appellate court opinions are often unpublished.   Furthermore, petitioner was given tolling credit in the court's calculations for the times during which appellate attorneys might have been preparing an appeal on his behalf because this would have occurred during the pendency of either his criminal proceedings and direct appeals or his collateral proceedings.   The third circumstance is neither rare nor exceptional and lacks substance for the reason that a federal habeas corpus petitioner is not required to submit records with his 2254 petition.   Petitioner does not indicate what records he sought or how not having them prevented his timely filing.   The second circumstance likewise lacks factual substance.   Petitioner does not reveal how long it took to obtain a copy of the unpublished court opinion or why he did not receive or request a copy from his attorney.   Nor does he explain how not having it prevented him from knowing the grounds for challenging his convictions.

With respect to the fourth circumstance relied upon by petitioner, the court already found herein that his allegations

regarding his failed attempts to obtain a transcript of his 60-1507 hearing are not shown to have prevented him from filing a timely 2254 petition.  This circumstance is not grounds for equitable tolling for the same reason.

The court has carefully considered petitioner's more serious allegation that he is entitled to equitable tolling because all his legal materials were confiscated.  Obstructive action by prison officials that involves the "complete confiscation" of a petitioner's legal materials has been found to constitute an extraordinary circumstance warranting equitable tolling.  See *United States v. Gabaldon*, 522 F.3d 1121, 1126 (10th Cir. 2008).  At the same time, "an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."  *Yang*, 525 F.3d at 928.  The court finds that petitioner has not alleged specific facts showing that the confiscation of legal materials in his case in March 2012 prevented his timely filing of a 2254 petition by the deadline of May 27, 2013.  He alleges in his response that all his legal materials were confiscated by the "E.A.I." and that this was "everything that he had ever gotten from the court and his lawyers to work on his 2254 petition."  He exhibits an Inmate Request to Staff Member (IR) dated March

30, 2012,[11] in which he requested the return of his "address books and legal mail and personal mail" and stated that he needed his "legal work (1300) papers to work on my 2254 motion." Doc. 3-1 at 3.  He exhibits a second IR dated October 11, 2012 (*Id.* at 4) in which he asked for return of his "address books, legal mail and some personal mail."  He was informed at the initial grievance level that the "items cannot be released due to ongoing investigation."[12]  Unlike in *Gabaldon*, Mr. Floyd does not describe a single piece of legal mail or any other paper among those confiscated that was patently necessary.[13]  Cf. *Pfeil v. Everett*, 9 Fed.Appx. 973 (10th Cir.), *cert. denied*, 534 U.S.

---

[11]    Petitioner exhibits an Inmate Request to Staff Member (IR) dated March 30, 2012, in which he stated that that his property had been held for a week. Doc. 3-1 at 3.  This exhibit indicates that the confiscation occurred around March 23, 2012.

[12]    Petitioner does not reveal the disposition of any administrative appeals on his two IRs.  The continued withholding of an inmate's confiscated legal materials by prison officials in the face of a credible claim by the inmate that he cannot file a 2254 petition without them would warrant a responsive pleading in a denial of access complaint.  Petitioner's exhibited IRs, like his petition, did not reveal what particular papers out of 1300 he needed.  In any event, in this habeas case petitioner bears the burden of alleging specific facts showing his entitlement to equitable tolling including that he acted with diligence and that the timely filing of his 2254 was actually impeded.

[13]    Petitioner's Attachment F (Doc. 3-1 at 5) is a letter he wrote while at the Hutchinson Correctional Facility addressed to Warden McKune at Lansing Correctional Facility, which is stamped as received on September 25, 2013. This is more than 11 months after the last inquiry he exhibits and nearly 4 months after the federal limitations period had already expired.  In this letter, petitioner stated that his confiscated property included his transcripts and "legal mail".  He also stated that his property had been held for 18 months, and claimed that he had repeatedly asked for its return, that he believed that the property had been lost, and that without the property he could not work on his 2254 petition.  The "Grievance/Property Claims Officer" responded the next day that the property was "currently in evidence with EAI," still "pending the outcome of an investigation, and can remain there for up to five years on that status." *Id.* at 6.

13

1032 (2001).  His failure to adequately identify any necessary documents among his confiscated legal property leaves the court without the requisite plausible explanation as to how lack of access to his withheld papers actually prevented him from filing a timely 2254 petition.  *Cf. Valverde v. Stinson*, 224 F.3d 129, 133 (2nd Cir. 2000)("person is plainly 'prevented' from filing a pleading . . . if he is deprived of the sole copy of that pleading, something that the petitioner asserts happened to him here.").  In contrast, the petitioner in *Gabaldon* submitted his own statement that his confiscated legal work contained his "motion 2255, attached memorandum, case law, transcripts, jury instructions, indictment, and relevant documents" together with a memorandum from a prison official stating that [h]is property contained documents that were needed for his court deadline, Motion 2255."  Mr. Floyd's allegations of lack of access to his confiscated property are more akin to general allegations of no access to legal resources or a law library, which without more particularity have frequently been recognized as insufficient to justify equitable tolling.  See *Miller*, 141 F.3d at 978 ("It is not enough to say that the [prison] lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").  *Parker v. Jones*, 260 Fed.Appx. 81, 85 (10th Cir.), *cert. denied*, 553 U.S. 1082 (2008)(inmate's vague allegations that he was in lockdown and had no access to legal

materials will not justify equitably tolling the limitations period); *Everson v. Kansas Dept. of Corrections,* 232 Fed.Appx. 815, 817 (10th Cir. 2007)(Petitioner's failure to allege specific facts as to how lack of access to legal resources impeded his ability to timely file a claim rendered it insufficient to show entitlement to equitable tolling); *Abel v. Kansas*, 187 Fed.Appx. 867 (10th Cir. 2006); see *Kerchee v. Jones*, 2011 WL 305847 (W.D. Okla. 2011), *appeal dism'd*, 428 Fed.Appx. 851 (10th Cir. 2011)(petitioner claiming that confiscation of his legal papers and mail at the prison interfered with his ability to file timely motion was an impediment that required petitioner to show the specific steps he has taken to pursue his claims.).

The 2254 petition that Mr. Floyd eventually managed to file contains clear details as to the procedural history of his case together with case citations and plainly sets forth the issues raised in the state courts on direct appeal as well as in post-conviction proceedings.  It also sets forth the twelve grounds on which he seeks federal habeas corpus review along with detailed supporting facts including legal theories and assertion of constitutional violations.  Mr. Floyd's allegations offer no clue as to why he was able to prepare and file his very adequate 2254 petition without his confiscated property after, but not before, the limitations period expired.

The court further finds petitioner does not show that he

diligently sought the return of the particular confiscated papers that he deemed necessary from prison officials or that he made any attempt to obtain necessary papers through other channels. As noted, his exhibits indicate that prior to expiration of the limitations period, he only sought return of his papers in March 2012 and six months later in October 2012. The limitations period did not expire until May 27, 2013. A 2254 petition can only contain issues that the prisoner has already litigated throughout the state trial and appellate courts, and a pro se petitioner is not required to include legal arguments and citations. Mr. Floyd alleges no facts tending to explain why he could not, with reasonable diligence, have prepared and submitted a 2254 petition before the statute of limitations expired. See *Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008)(no extraordinary circumstances when prisoner had 50 days to file a habeas petition that required limited research because he could raise only issues previously submitted in state court.). Petitioner's allegations that he "constantly and diligently sought to advance his appeal through the state courts" and "thereafter sought to obtain the necessary records that would allow him to present an intelligible" 2254 petition are conclusory. They do not amount to a description of steps he took to diligently pursue his federal claims during the 275 days in 2006 and 2007 before filing his 60-1507 motion or the 90 days

16

following denial of that motion in February 2013. *Miller*, 141 F.3d at 978 ("In the final analysis, [petitioner must show] the steps he took to diligently pursue his federal claims."). In short, Mr. Floyd has failed to allege specific facts showing that the confiscation of his papers in March 2012, and not his own lack of diligence, caused him to file his 2254 petition over seven months late.[14]

In its prior order, the court construed petitioner's exhibit of his attorney's letter attached to the petition as petitioner's allegation that attorney error resulted in his filing a late 2254 petition. In this letter the attorney that had represented Mr. Floyd during his state collateral appeal proceedings advised him that the KSC had denied review and that the state proceedings as well as her representation had come to an end.[15] In addition, counsel stated that Mr. Floyd had one year from the date the KSC denied review to file a 2254 petition. In its prior order, the court provided several reasons why these allegations were inadequate to show entitlement to equitable tolling, including that complaints

---

[14]    Had Mr. Floyd included this alleged reason for the untimeliness of his petition in paragraph 15 of his 2254 petition ("Timeliness of Petition") along with his reference to his attorney's letter, he would have had the opportunity to allege additional facts in support. He was notified of the standards regarding equitable tolling before he filed his response.

[15]    This attorney was not representing Mr. Floyd on his 2254 petition and did not bear responsibility for filing a timely 2254 petition on his behalf.

regarding a state inmate's post-conviction counsel generally are not grounds for equitable tolling. The court also cited authorities holding that a petitioner's reliance on attorney "miscalculation" regarding the statute of limitations period in § 2244(d)(1) is insufficient to warrant equitable tolling, including the mistaken belief that the one-year limitation period was reset after a state collateral appeal. See e.g., *Jackson v. Kaiser*, 229 F.3d 1163, *3 fn.3 (10th Cir. 2000)(equitable tolling not warranted even when attorneys clearly err by misleading their clients about AEDPA's statute of limitations); *Reynolds v. Hines*, 55 Fed.Appx. 512 (10th Cir. 2003)(habeas petitioner's attorney's incorrect advice regarding when the limitations period began to run was not the type of extraordinary circumstance entitling the petitioner to equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004). In his response, Mr. Floyd does not allege additional facts to bolster this claim or even reassert it.

The court emphasizes that it does not hold that attorney error can never support equitable tolling. The United States Supreme Court held in *Holland v. Florida* that "unprofessional attorney conduct may, in certain circumstances, prove 'egregious' and can be 'extraordinary.'" *Holland*, 560 U.S. at 651. The "extraordinary circumstances at issue" in *Holland*

involved an attorney's failure to satisfy professional standards of care." *Id.* at 649.   However, the Supreme Court also plainly held that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied:"

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.  But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence.  Rather, the facts of this case present far more serious instances of attorney misconduct. . .

*Id.* at 651-52.   The Tenth Circuit has likewise held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007)(finding limitations period could be tolled when attorney repeatedly affirmatively represented that he was preparing a petition to be filed).   In the instant case, no facts alleged by petitioner suggest that the exhibited conduct on the part of his collateral appeal attorney "constituted far more than 'garden variety' or 'excusable neglect.'" *Holland*, 560 U.S. at 652.   Moreover, as petitioner was informed, "ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. *Marsh*, 223 F.3d at 1220; *Miller*, 141 F.3d at 978; *Gibson*, 232 F.3d at 808.   The court finds from

the facts alleged by Mr. Floyd that he delayed filing his 2254 petition until months after the federal statute of limitations had expired in his case mainly because he and his state collateral appeal counsel misunderstood the federal law as to the start date of the federal statute of limitations. Unfortunately for Mr. Floyd, neither a "garden variety claim" of attorney negligence nor his own ignorance of the law is grounds for equitable tolling.   The court concludes that this circumstance is not "rare and exceptional" so as to require that the untimely filing of this § 2254 petition be equitably excused.   *Freeman,* 467 Fed.Appx. at 777.

## CERTIFICATE OF APPEALABILITY DENIED

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Under 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."   A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further

proceedings.  *Slack v. McDaniel*, 529 U.S. 473 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  The court finds that a certificate of appealability should not issue in this case.  Nothing suggests that the court's ruling resulting in the dismissal of this action as time barred is debatable or incorrect.  A certificate of appealability shall be denied.

**IT IS THEREFORE ORDERED** that this habeas corpus petition filed pursuant to 28 U.S.C. § 2254 is denied as time barred.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS SO ORDERED.**

Dated this 26th day of September, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**